May it please the Court, I'm Philip Ross, and I represent Defendant Appellant DHL Express, and I'd request two minutes of my time reserved for the case. Okay. Your Honors, while DHL is not challenging the jury's liability finding, recognizing that there was evidence below which would have allowed the jury to find either way, we do submit that the damage award was excessive. The issue here involves whether the plaintiff, Ms. Shumway, could receive lost wages, lost commission, and emotional distress damages associated with her resignation of employment where she neither pled nor could prove as a matter of law that it was an unlawful constructive discharge. If it was not a constructive discharge, then she cannot receive any lost compensation nor any emotional distress damages associated with that loss of employment. I thought you weren't going to argue liability. We're not arguing liability, Your Honor. It sounded like it to me. Well, Your Honor, there was no claim raised in this case that there was any constructive discharge. It was neither pled nor was the jury ever instructed that there was such a claim. The claim went to the jury on a retaliation charge. That's correct. And that's what was adjudicated. And the jury found that there was retaliation and gave a fairly large damage judgment, and you don't like it. There we go. Okay. That is correct, Your Honor. But the issue here is whether or not the damage award is intrinsically excessive. And whether or not it's intrinsically excessive involves a two-step analysis. The first part of the analysis is whether or not constructive discharge can be an element of the damage award. And here, because constructive discharge was never pled in the case, was never an element of the damage award, and here the evidence is that if there was no constructive discharge, the maximum amount that the plaintiff could have received in lost commission damages would be $110,000. So if we accept your argument, what this does is it reduces the amount of the commission that she would be entitled to below the full amount of the commission that she thought she would be entitled to. In other words, she's not going to get the whole $450,000 in change. Correct. Let me go with you with that assumption for now. So even on that assumption, why are the emotional damages beyond that excessive? Okay. So that means, Your Honor, that $240,000 of the $350,000 award would be emotional distress damage. Is it that big? Right. Because there's $110,000. The total award was $350,000. The maximum amount she could receive in the commission loss where there's no constructive discharge is $110,000. That leaves $240,000 as emotional distress. Okay. And we submit that that would be excessive. And we think that that's excessive here. And what standard do we use to judge excessiveness? Excessiveness here, because there has not been a breakdown in the jury verdict as to what part is lost commission, what part is emotional distress, is whether or not it's intrinsically excessive, which is whether or not it's shocking, monstrous, or a denial of justice. And I assume you fought your way through the Gasparini case, and that's the standard. We understand that is the standard. Okay. Shocks the conscience. Yes, Your Honor. And we believe that in this case, a $240,000 award does shock the conscience for the following reason. Here, the plaintiff testified with respect to her emotional distress that a significant amount of that emotional distress was the result of her giving up her employment. But if her decision to resign is not a constructive discharge, then the fact that she has given up her employment cannot be considered as a valid component of any emotional distress that she suffered. There is no attempt made by her below to differentiate the emotional distress that she suffered as a result of the one single act of retaliation that the court or that the jury found, which is that she wasn't paid the higher of two commission amounts on a single sale. Rather, she testified as to her emotional distress regarding all of the things that happened to her, which included her belief that she had been discriminated against in connection with her base salary, her equal pay claim, her belief that she had been retaliated against in connection with promotional opportunities, but below, her claims regarding both equal pay and an alleged retaliatory loss of promotional opportunities were decided against her in DHL's favor. An emotional distress award cannot be based on conduct which was not found to be unlawful, and if any part of the emotional distress is based upon unlawful versus actionable conduct, a remitter has to be required. So we think that's excessive for that reason. We fully recognize that under the law of this circuit, the plaintiff wasn't required to present any objective evidence of her emotional distress and could rely solely upon her own subjective testimony. But in regard to that subjective testimony, she was required to differentiate distress associated with the single found act of retaliation versus the other conduct that she felt constituted unfair treatment, and she didn't do that. Indeed, the district court in ruling on the post-trial motion for a new trial found that while the emotional distress damages were high, it was not grossly excessive because she had to give up her loss of employment. Again, we believe that that's an abuse of discretion because you cannot consider her loss of employment because there was no claim that that loss of employment was an unlawful constructive discharge. And again, there couldn't be a finding as a matter of law that it would be an unlawful constructive discharge because this Court has held that as a matter of law, you can't have an unlawful constructive discharge based upon an isolated single act of discrimination or retaliation, which is all that was found here, a single failure to provide her with the larger of two commission amounts on a single transaction. It's undisputed that with respect to every other transaction, every other sale she made, she was properly paid, she was properly paid with respect to all of those other transactions during the year between the transaction that was found to be retaliatory and when she ultimately resigned. There was no reason for her to have to leave her employment. She could have fought, as she did in the courts, the issue of that single transaction without leaving her employment. It's the public policy that a party is not supposed to simply leave their employment and not pursue their rights within the courts within the employment that they already have, and we believe that based upon that, the emotional distress award is excessive. We hear you. I'll reserve the rest of my time. Thank you. Good morning, Your Honors. May it please the Court, Counsel. My name is Gary Cohen, and I represent the plaintiff, Jill Shumway. Your Honors, I think that the key in this case is to keep in mind, and Your Honors touched on it in your questions, the incredibly high standard of review that applies here that I won't repeat, but secondly, the fact about how this case was tried. The jury instructions were all agreed to. There's no issue here on appeal about a jury instruction, no issue here in this case about the court improperly admitting any evidence. This constructive discharge argument that I just heard about is what I like to call the ultimate sandbag. This case was tried in a particular way with no objections, with certain jury instructions, and now after the fact, after the verdict comes in in a way that DHL doesn't like it, we now for the first time start hearing about constructive discharge, things that Jill Shumway could have or should have pled, and if those objections would have been made before the verdict came in, maybe we would have been able to correct that or make certain offers of proof or amend our complaint. But we didn't do that because, again, the case was tried in a certain way. And because the case was tried in a certain way, DHL is essentially stuck with this verdict. Mr. Roth talks about the $43,000 commission that Ms. Shumway was not entitled to. However, the evidence about what the amount of the commission she was entitled to was factually, not legally, factually argued to the jury, and the jury instructions said, and again, that's not an issue on appeal, that the jury is to the issue in the case is whether or not she was retaliated, and if so, the jury is to consider the amount of the commission that she claims. And she was claiming a $153,000 commission, and that was the way the case was tried. Moreover, for this Court to conclude that the jury even included the $43,000 in its general $350,000 verdict is speculative, and this Court couldn't possibly separate out $43,000 or omit $43,000 because this Court doesn't know whether the jury even included that in its award. For all we know, the jury bought the factual argument presented to it at trial that she was only entitled to a lesser amount. I have to say the district judge's view of the $153,000, which is the full amount of the commission, that that had been proved, and that this – and so for a purpose of argument, I was willing to go along with you. It was quite clear the district judge thought otherwise with respect to that $153,000. And there's a reason. The reason is because that's the way the case was tried. The jury instruction, which – the key jury instruction at that point is jury instruction 10.3, which says the issue in this case is whether there was an adverse employment action, that being whether Jill Shumway was denied the controlled credit she claims to be entitled to receive. That was not objected to, stipulated to. There's no issue of it on appeal. That's why the judge, Judge Martone, said that that was the issue. Because they found retaliation, she got her full commission, and that ends it. Really what's going on here is the issue of this emotional distress damage claim, whether $197,000 for emotional distress damages or $240,000 if somehow she didn't receive or wasn't entitled to the $43,000 commission, is grossly monstrous or excessive. There is not one single basis for DHL's position. There's not one case from this circuit that supports their position. And as a matter of fact, the Zane case, I believe, is as close on point as you could possibly get. I mean, in that case, this Court held that an individual who testified, the only evidence of emotional distress damages was from the plaintiff. It was uncorroborated. In my case, we have corroborated evidence of emotional distress. There was no physical symptomology or damages for Mr. Zang. And this Court held that his testimony about being actually what this Court said was because there was enough proof that Mr. Zang, excuse me, because the jury could have gleaned that Mr. Zang was greatly hurt and humiliated by his termination and the manner in which he was carried out, there was more than enough evidence to support an emotional distress award of either $132,000 or $232,000 in that case. It was unclear which the jury awarded. Isn't that what we're talking about here? I mean, I don't think anybody can say that Jill Shumway, given her background and what she did for this company and the way they treated her when they stole, and they stole $153,000 for her that she owned, wasn't greatly hurt and humiliated by her termination. Mr. Ross, and I'll cover one more point, and then I'll see if you have any questions, I'll sit down. Counsel was talking about the basis of their belief that the emotional distress damages is too high, being their position that Jill Shumway talked about other things that caused her emotional stress, and she didn't distinguish between her types of emotional distress. How does one do that? I mean, people live their lives, people have emotional distress from many things, and that's what juries do. The jury, as they did in this case, here's all the evidence about how the retaliation affected her emotional stress. Of course, like in all cases, the defense says, well, your emotional stress was caused by something else, you had this problem, you had that problem. Personal injury cases are a good example. The defense playbook is always to try to bring up other things that support a basis for emotional stress. The jury hears all the evidence, they filter it, and they come up with an award, and that's what they did in this case. And yeah, there was some testimony in this case that Jill Shumway had emotional distress from other things in her life and other conduct of DHL, but she also was crystal clear in her testimony about why the retaliation at issue, the stealing of her $153,000 commission that she earned caused her emotional stress. And for the district court, in one sentence of its order, to say that, oh, by the way, the depth of her emotional stress is illustrated by the fact that she quit this job that she loved so much and that she would have never left, that isn't some sort of an error. The judge can, I don't have to, that has nothing to do with constructive discharge, that just is one illustration. Your Honor, I think I've said enough, and I think it's pretty clear that this jury verdict should be affirmed, that there's no basis for remitter. Thank you. Okay, thank you. Mr. Ross, you saved some time. Yes, Your Honor, let me make four quick points. First, with respect to the jury instruction, we're not claiming there was any jury instruction issue in this case, but there was a standard instruction regarding damages. What's important is neither side asked for any constructive discharge jury instruction, because there was no constructive discharge claim in the case. And certainly DHL wouldn't ask for a constructive discharge jury instruction where it hasn't been pled in the case. With respect to the size of the commission loss, the testimony was undisputed that under DHL policy, someone is not entitled to commission during a quarter unless they're employed at the end of the quarter. She resigned her employment before the end of the fourth quarter. The record was undisputed that the value of the larger commission during the fourth quarter would have been $43,000. So assuming that DHL had agreed to pay her the larger commission at the time that it was first, the sale was first made, she would not have received the $43,000 because she left before the end of the quarter. She's not entitled to get that money simply because there was an earlier retaliatory act if she wouldn't have been entitled to it had there not been a retaliatory act. Finally, next with respect to the Zhang case, Zhang is factually different. It's clear that you can have a significant emotional distress award based upon one's own subjective testimony in a given case. But the facts in Zhang were very different than the facts here. Zhang was wrongfully discharged, and because of his particular cultural background, and because of the very public manner in which American Jim announced his discharge to all of his customers, back in China, he testified that he suffered extreme humiliation. We don't have any kind of testimony like that here from Ms. Shumway. Finally, with respect to how does she distinguish between the emotional distress she suffers in connection with the one actionable act, the failure to receive this larger commission versus her other feelings of unfair treatment, it's easy. All her counsel had to do was ask, how did the lack or the loss of the commission affect you? Rather than asking the question it did, which was, how does all of this affect you, right after she talked about her loss of her job. That's how you distinguish it, simply by being asked the right question and testifying how a particular act affects you, rather than testifying about how other conduct, which you think was unlawful but proved not to be, affected you. And, Your Honor, we do believe that the award here, despite the standard which we acknowledge is high, is shocking and excessive, given that it was based upon her testimony of how she was impacted by other non-actionable acts, and we believe that a remittitor is required for that reason. Okay. Thank you very much. The case of Shumway v. DHL Express is now submitted for decision.
judges: Duffy, Noonan, Fletcher W.